TO: Honorable Judge Patrick Owen

I have been asking my Attorney Mr. MassHoth since July to pull my guilty plea. I was coerced, by them threatening to arrest the mother of my children for fraud, for collecting military benefits. I had no idea if this was true or not, & have since found out it is not, she has my minor children Anthony 11 & Ilea 15. She also would never intentionally break the law and has been ill for a very long time. I was also accused July 2014 at my Bail hearing of writting a threatening note to a witness (Jeremy Anderson) here at Ada County Jail. This last April I got discovery that shows the procecution had this information in May of 2014 & also had a handwritting analysis that proves I did not write it, yet in July they stated to you they just got it and that I wrote it, I DID not. They have told people I killed Dave Fishback, when I was at Madigan Army hospital in Ft Lewis WA. when it happened. Since then they went to the girlfriend Christina Long & told her, her Boyfriend Bobby Kasserbaum, who lives directly behind the courthouse, where Dave was found, that they know Bobby shot up Dave w/ the herion that killed him. They said they can help him if "I made him do it". I did not, nor have I ever seen herion, I have this on disc. They said they would prosecute my ex-life if I didn't take the deal, so I did, who wouldn't, she's sick & her disease is in remission, and is affected by stress. I have always wanted to tell my side and regrett going to mediation, I also walked out on the second day and told them I wanted to go to trial. What ever your decision, I appreciate your time in this matter. Thank you   Mike Dauber

EXHIBIT A
(EXHIBIT A)

RECEIVED IN CHAMBERS
OCT 11 2016
PATRICK H. OWEN
DISTRICT JUDGE

Exhibit B pg 1 (ii)

Michael S. Dauber
Full Name/Prisoner Name

Ada County Jail
7210 Barrister Drive
Boise, ID 83704
Complete Mailing Address

Plaintiff/**Defendant**
(circle one)

RECEIVED
IN CHAMBERS
OCT 13 2016
PATRICK H. OWEN
DISTRICT JUDGE

IN The District court of the fourth Judical District of The STATE OF IDAHO IN AND FOR The county of ADA

Michael S. Dauber
Plaintiff/Petitioner,
Full name(s)

vs.

STATE OF IDAHO

Defendant/Respondent(s),
Full name(s). Do not use et. al.

CASE NO. CR-2014-2027

Motion to withdrawl Guilty plea

COMES NOW, Michael S Dauber, Plaintiff/**Defendant** (circle one) in the above entitled

I wish to withdrawl my Guilty plea Because I was coerced, and I had no-way to find out the information was false. The people who coerced me were also present, so I was afraid they would carry thru with threat if I told you.

- 1
- pg. 1

Revised 3/24/16

EXHIBIT B pg 1.

Exhibit B pg 2 (11)

I was also denied all my discovery, CSI, Handwriting expert and investigation of witnesses.

Respectfully submitted this 9th day of October, 2016.

Michael S. Dauber
Plaintiff/**Defendant** (circle one)

## CERTIFICATE OF MAILING

I HEREBY CERTIFY that on the 9th day of October, 2016, I mailed a true and correct copy of the Motion to withdraw Guilty plea via prison mail system for processing to the U.S. mail system to: Judge Owen
200 W. Front St.
Boise ID. 83702

Michael S Dauber
Plaintiff/**Defendant** (circle one)

-pg. 2

Revised 3/24/16

Exhibit B pg 2

55

Exhibit "C" pg1

MANC

## PHYSICAL EVALUATION BOARD (PEB) PROCEEDINGS
For use of this form, see AR 635-40; the proponent agency is USAPDA

| 1. NAME (Last, First, Middle Initial) Dauber, Michael S. | 2. RANK SPC | 3. PEBD: | BASD: UNKNOWN |
|---|---|---|---|
| 4. SOCIAL SECURITY NUMBER 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 | 5. PMOS 11B10 | 6. BRANCH / COMPONENT TDRL/TEMPORARY TOUR OF ACTIVE DUTY: GUARD | c. Intentional misconduct, willful neglect or unauthorized absence |

7. THE PEB CONSISTED OF THE INDIVIDUALS INDICATED IN EXHIBIT A

d. While entitled to basic pay (Incurred or aggravated)

| DATE CONVENED 13.08.13 | AT (Location including ZIP Code) Fort Lewis WA 98431-1100 |
|---|---|

e. In LD in the time of national emergency or after 14 SEP 78 (Incurred or aggravated)

8. THE BOARD CONSIDERED THE MEMBER'S CONDITION DESCRIBED IN THE RECORDS. EACH DISABILITY IS LISTED BELOW in descending order of significance

f. Proximate result of performing duty

| VA CODE a | DISABILITY DESCRIPTION b | c | d | e | f | g |
|---|---|---|---|---|---|---|
| 9411 | Posttraumatic Stress Disorder, placed on TDRL 31MAY2008. Interval history is significant for ongoing symptoms including anxiety, intrusive recollections, physiological reactivity to traumatic reminders, avoidance and hypervigilance. Unfitting as condition is likely to worsen if returned to active duty. Over Five Year TDRL Tenure for final disability rating at 50% IAW VASRD 4.130 for occupational and social impairment with reduced reliability and productivity due to the symptoms cited. (TDRL DX1, TDRL Evaluation) | N | Y | Y | Y | 50% |
| 8045 | Residual of Traumatic Brain injury persisting throughout the TDRL Period as headaches (two to three time per week) with light sensitivity, nausea, and tinnitus and requiring sequestration to a quiet, dark room for hours. Unfitting as condition imposes unreasonable requirements on the military to maintain or protect the Soldier IAW DoDI 1332.38 E3.P3.2.2.2. Over TDRL Tenure for final rating at 40% for `Subjective Symptoms' corresponding to a `facet score' of `2', with disability code modification for administrative accuracy, IAW VASRD 4.7, 4.27 & 4.124a. (TDRL DX4, TDRL Evaluation) | N | Y | Y | Y | 40% |
| 8799 8716 | Right (dominant) cubital tunnel syndrome also cited as forearm/wrist pain continuing throughout the TDRL Period. Unfitting as condition interferes with the reasonable performance of common military tasks such as carrying and firing an individually assigned weapon. Adjudicated over TDRL Tenure at 30% by analogy to moderate, incomplete paralysis IAW VASRD 4.7, 4.20, 4.124 & 4.124a. (TDRL DX3, TDRL Evaluation) | N | Y | Y | Y | 30% |
| 5099 5003 | Left shoulder pain persisting throughout the TDRL Period. Unfitting as condition interferes with the reasonable performance of common Soldier tasks such as moving a forty pound combat load at least one hundred yards. Adjudicated over TDRL Tenure at 10% for satisfactory evidence of painful motion IAW VASRD 4.59 & 4.71a. (TDRL DX2, TDRL Evaluation) | N | Y | Y | Y | 10% |

CR: 50 + 40 = 70 + 30 = 79 + 10 = 81 = 80%   IAW VASRD 4.25

Your condition has not improved to the extent that you are now fit for duty.

Upon re-evaluation, although some change in your medical condition may be anticipated, for the purpose of adjudicating your disability compensation, your condition(s) is/are considered to have stabilized at a degree of severity that is equal to or greater than 30 percent, as indicated above. Therefore, permanent retirement is recommended.

The membership of the PEB considering this case included a voting member from the Reserve Component.

You are advised that a member of an armed force may not be required to sign a statement relating to the origin, incurrence, or aggravation of a disease or injury that he/she has.

for BC__ SFC, USA
DAVID M. TURBAN
CHIEF, OPERATIONS DIVISION
AUG 20 2013
APPROVED FOR THE SECRETARY OF THE ARMY

DA FORM 199, JUN. 97

Exhibit 1 pg 2

56

Michael S. Dauber, SPC 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                                    Continued...

**9.** THE BOARD FINDS THE SOLDIER IS PHYSICALLY UNFIT AND RECOMMENDS A COMBINED RATING OF: 80%

AND THAT THE SOLDIER'S DISPOSITION BE: Permanent disability retirement

**10.** Not applicable

**11.** EXHIBITS (identify each)
A. Appointing Orders
B. Medical Board Proceedings
C. TDRL Packet

| 12. TYPED NAME, GRADE, BRANCH OF PRESIDENT | SIGNATURE | DATE |
|---|---|---|
| /s/ MICHAEL J. SAGE, Colonel, LG | [signed] | 13.08.13 |

DA FORM 199, JUN. 97

Mr. Chastain & Mrs. Massoth, I would like to withdraw my plea Because my wife did not commit fraud, & the state would not be the ones to prosecute, Also 15 to life could easily be life without parole. There is no proof what tom said Happened there is no blood Evidence upstairs or on stairs & their is out in front of House, there are also many people that have not been interviewed, Despite my pleading, his Roomates both Before & After incedent could place tom as a Drug Addict thief & liar, Along with people who saw him meeting Josh the month Before in crouch. If I can withdraw my plea can we please focus on those dozen interviews & stop going to talk to Josh meth addict Girlfriends please. Also can we please talk about peter, I thought it was a non issue. Plus can we get a Deposition of my mom & toms step mom as both are ill & I would not want them to pass as toms sister did with out being talk to. I Do Appriciate all you have Done, But when we first talked I told you Both I did not want to be pressured to take a Deal & that is exactly what happened. I walked out of Mediation, I want to go to trial if I loose it wont Be much worse than what I've gotten & I can appeal. There is no pyshical evidence Against me & Tom & peter are liars have violent ~~fuckes~~ pasts & have Been in mental institutions. Thank you

P.S. I Did not murder Josh!

Mike

8-21-16   copy of letter sent to lawyer

my Lawyer will vallidate this when asked

— EXHIBIT D —

# ADDENDUM

This ADDENDUM is an effort to demostrate that the facts reveal procedural deficiencys in my state appeal, which inturn violate my constitutional right to due process. Listed are the factual exhibits detailing the particular items of information, for the reasoning when I felt I had to fire my state appelate attourney; (1) He refused to let me read my breif befor the state supreme court, received the breif, (2) I was refused the right to conflict counsel. I have a traumatic brain injury as a result of my service in the United States Army (see Exhibit 'C') I have listed the factual information as: ADDENDUM 1, ADDENDUM 2, ADDENDUM 3, ADDENDUM 4, to give reason and cause for bring forward this petition for a writ of habeas corpus.

ADDENDUM to CLAIMS            -pg. 1

Revised 3/24/16

Both sides please

Addendum "1"   ① side 1   5-3-17

Mike Dawber #120306
Unit 11B-29A ISCI,
P.o. Box 14 Boise, Idaho, 83707


TO: Idaho State Appellate Public Defenders office
c/o Eric D Fredericksen Attorney at law
322 East Front Street, Suite 570
Boise, Idaho. 83702-7378.


Attorney Fredericksen, I am writing you in regards to my appeal and the continuing obstruction, delay's, fabrications, threats and every dirty trick in the book. Alan Stewart has deliberately obstructed my appeal by not mailing the notice of appeal to the Court on time or delayed the mailing. From my attorney to the Cops, to the prosecutor to the Court this has been a injustice and clearly shows in one situation to the other. My reasonable request to you so I can assist in my own criminal appeal is to have a complete and through Record Sir. I would like you to mail me all the documents you recieve to your office, for my review and record as parts and pieces of the "record" →

over

(2)                                           Side 2

are missing, incorrect, redacted, and needing to be authenticated before and reviewed before they are settled with the Idaho Supreme Court myself and your office. Also please request the Idaho Criminal Rule 18.1 Mediation Act documents in the file or let me know how to get all those forms, and documents to have in my personal record for Post Conviction, and collateral proceeding. Also I'm really tired of the tactics used to prosecute and incarcerate individuals in Idaho, and elsewhere. Please comply with my reasonable request sir, I have 17 years to life to do for a crime I never committed and people using illegal tactics and authority to keep me from a public trial. Please reply within a reasonable time upon reciept of this letter.

Mike Dauber 120306
Dated this 3rd day of March 2017.
X

Addendum 2 pg 1

Mike Dauber                IDOC NO. 120306
Idaho Department of Correction
Facility (ISCC) Unit E-3 Cell 37B
Post Office Box 70010
Boise, Idaho 83707

Petitioner      PROPRIA / PERSONA
Defendant
Appellant (x)

## IDAHO STATE SUPREME COURT

Mike Dauber                    )   Docket No 44849-2017
(Print your Name above)        )
Appellant      Pro/se,         )   Dist. Ct. Case No. CR 2014-312
                               )
                               )   MOTION TO TAKE JUDICIAL NOTICE;
v.                             )   *THE UNDERLYING CRIMINAL RECORD
                               )   2nd Attached Motion for
State of IDAHO            ,    )   Conflict Counsel on Direct
                               )   Appeal (Homicide Case)
                               )   Request for Seasoned Counsel
       Respondents.            /

COMES NOW, the above-named Mike Dauber appellant, appearing "En-pro/se," in the above-captioned casse, pursuant to Rule 201(d), of ICR Rule of Evidence, and moves this Court for an Order in its hand to take Judicial Notice of the underlying Criminal Records, etc., in relationship to all proceedings and investigational reports in official or private sectors attached to this cause, for for the reasons mandated herein and set forth more fully below.

### STANDARD OF REVIEW

Any Collateral Proceeding or Direct Appeal as argued herein, falls to all mentioned herein, therefore applies from which it arises, this included PETITIONS, MOTIONS, INVESTIGATION REPORTS USED AND ""UNUSED" both by state, and defense, private sector, and official law enforcement, etc., Rather they belong to further any further alleged civil action of collateral review for later litigation, in

Page 1

## STANDARD OF REVIEW
### Continued

which the applicant bears the burden of proof imposed upon a civil plaintiff. For instance Paridis, v. State, 110 Idaho 534, 536, 716 P.2d 1306, 1308 (1986). No part of the record from the criminal case becomes part of the record in the Collateral Proceeding UNLESS IT IS ENTERED AS AN EXHIBIT. Here Exhibits, as well as transcripts of the pre-trial proceedings, the trial, and sentencing hearing in the criminal case, even if previously prepared as a result of a Direct Appeal or otherwise, are not before the trial court in the collateral relief proceeding, and do not become part of the record on appeal unless presented to the trial court as exhibits. Roman v. State, 125 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); Wolf v. State, 152 Idaho 64 67, 266 P.3d 1169, 1172 (Ct. App. 2011) or unless the trial court "Takes Judicial Notice of such Records from the Criminal Case. Idaho Rules of Evidence 201. Esqivel v. State, 149 Idaho 244, 258 n.3, 233 P. 3d 186, 189 n.3 (Ct. App. 2010). See also Schultz v. State, 153 Idaho 791, 799 (Ct. App. 2012).

### JUDICIAL NOTICE REQUEST

Supplemental Request for Discovery; will include any Medical asserted evidence, handwritten notes letters by any involved party's, Jail-house records including visitation of professionals and time length, new paper articles, electronic recordings, or stored evidence, tapes video's, tapes, and etc., and any EVIDENCE THAT BENEFIT THE PARTY HERETO, THAT WAS NOT PRESENTED IN THE PRODUCTION, PRIOR TO, or after the prosecutor extracted the discover it wanted to accomplish a conviction, without clearly disclosing any remaining evidence from the production favorable to the party herein.

Addendum 2 pg 3

Whereas Appellant has two homicide cases before the Idaho Supreme Court after dismissal of Appellants Public Appellant defender, Appellant has attached his Motion for Appointment of Seasoned Conflict Attorney familiar with Homicide Case's with hands on experience.

Respectfully submitted this 29th day of July, 2019.

_____
Plaintiff/Defendant (circle one)

## CERTIFICATE OF MAILING

I HEREBY CERTIFY that on the 29th day of July, 2019, I mailed a true and correct copy of the Judicial notice via prison mail system for processing to the U.S. mail system to:

Idaho Attorney General
P.O. Box 83720
Boise, Idaho
Zip: 83720

_____
Plaintiff/Defendant (circle one)

Appellant Pro/se

Judicial Notice Request -pg. 3
Revised 3/24/16

Mike Dauber    IDOC No.# 120306                              Addendum 2 pg 4
Idaho Department of Correction
Facility (ISCC) Unit (E-3) Cell (37B)
Post Office Box 70010
Boise, Idaho  83707

Appellant    PROPRIA / PERSONA

## IN THE IDAHO STATE SUPREME COURT

                                        Docket 44819-2017
                                  Case No: CR-2014-312

THE STATE OF IDAHO,
( ) Plaintiff ( ) Petitioner,
( ) Defendant, ( ) Pro/se,
    (x) Respondent,              MOTION FOR CONFLICT COUNSEL
                                  with Affidavit in Support:
VS.
                                  Pursuant to State Rules
                                  Of Court (Criminal Procedure):
Mike Dauber,
( ) Defendant ( ) Petitioner,
( ) Respondent ( ) Plaintiff
(x) Pro/se, (x) Appellant.

                                        (x) Appellant
    COMES NOW, Mike Dauber          , defendant appearing "En-pro/se'" in the
above entitled-cause, and known as the defendant hereinafter stating as
follow;
    (x) Appellant                    (x) Appellant
1/. Defendant is currently incarcerated in the Idaho State Dept. of
Corrections under the direct care, custody, and control of (Warden) Jay
Christensen, of the (ISCC) Facility.
    (x) Appellant
2/. DEFENDANT asserts there is a <u>fundamental conflict with the Public
Defenders Office, therefore request Conflict Counsel</u>. The Issues presented in
this case may become to complex for this defendant to properly pursue,
defendant is entitled to EFFECTIVE ASSISTANCE OF COUNSEL, and is not educated
in the labyrinths of law. therefore he lacks the knowledge and skill needed to
represent himself at this process, and is currently serving out his Idaho
Felony conviction. Defendant is entitled to those protections under both the
State Constitution, and that of the United States Constitution. Defendant
request this to prevent a later "fundamental defect," which inherently could
result in a miscarriage of justice, and be inconsistent with the rudimentary
demands of fair procedure creating "fundamental unfairness that could also
violate his Fourteenth Amendment protection to Due Process.

Addendum2.pg5

(A) Appellant

3/. Defendant requires assistance completing these pleading's and clearly he is unable to accomplish the issues at hand himself, as he has stated he has received no formal education or schooling in the Labyrinths of Law, and needs help beyond mere assistance of Jail House Lawyers, and ineffective assistance of the Public Defenders Office as a a result of his conflict with them, as the charges hold a Jail or Prison Sentence.

Dated this 24th day of July, 2019

_____
(Sign Your Name Above)   (A) Appellant
(X) Defendant ( ) Petitioner   Pro/se

### AFFIDAVIT IN SUPPORT FOR APPOINTMENT OF COUNSEL

STATE OF IDAHO)
              :ss
County of Ada )

I Mike Dauber, the (Addiant) after first being duly sworn upon my oath, deposes and sayeth the following;

1. I am the Affiant in the above-entitled cause;

2. I am currently residing at the IDOC, in the (ISCC) Facility under the Care, Custody and Control of (Warden) Christensen.

3. I am indigent and do not have any funds to hire private counsel;

4. I am without bank accounts, stocks, bonds, real-estate, or any other form of real property;

5. I am unable to provide any other form of security:

6. I am untrained in the Labyrinths of Law:

7. If I am forced to proceed without conflict counsel being appointed I will be unfairly handicapped in competing with trained and competent counsel of the State;

8. WHEREAS I the Affiant would ask that this Court GRANT my attached Motions and Affidavits if there are any that exist before the court.

WHEREFORE, _Appellant_ Prays that this Honorable Court issue in its hand its ORDER GRANTING His Motion for Conflict Counsel, to represent his interest, or in the alternative GRANT any such relief to which it may appear he is entitled under the U.S. Constitution as alleged, to serve the ends of justice and fundamental fairness to continue the proceedings before this court.

Further Your Affiant Sayeth Naught:

_[signature]_ Dated this 29th day of July 2019.
(Sign your Name Above)

### CERTIFICATION UNDER PENALTY OF PERJURY

I _Mike Dauber_ do hereby certify under penalty of perjury pursuant to the Las of Idaho that I have read the foregoing and know it as true and correct to the best of my knowledge at this time.

Dated this 29th day of July, 2019

_Mike Dauber_
Type / Print Name Above

_[signature]_
Sign Your Name Above

### CERTIFICATE OF MAILING

I HEREBY CERTIFY that on this 29th day of July, 2019, I mailed true and correct copy of my Motion and Affidavit for CONFLICT COUNSEL, via prison mail system for processing to the U.S. Mail System to

IDAHO ATTORNEY GENERAL
P.O. Box 83720
Boise, Idaho 83720

_[signature]_
(Sing Your Name Above)

*Addendum 3*



# STATE OF IDAHO
### OFFICE OF THE STATE APPELLATE PUBLIC DEFENDER
*Defending Zealously, Advancing Fairness, and Advocating with Integrity.*

October 15, 2018

Michael S. Dauber
Inmate #120306
I.S.C.I.
PO Box 14
Boise, ID 83707

*RE: Docket Nos. 44849 / 44850*

Dear Mr. Dauber:

    I am writing this letter so that you have a written explanation of what I intend to argue in your appeal. Even though we have discussed this multiple times over the phone, I am aware that some of the legal concepts I have explained to you either seem counter-intuitive, or are difficult to understand.

    As you well know, you were charged with two separate counts of murder, in separate cases. In district court case number CR-2014-312, you were charged by Indictment with killing Steve Kalogerakos, and you were represented by Dave Smethers. In district court case number CR-2014-2027, you were charged by Information with killing Joshua Reddington, the prosecutors filed a notice of intent to seek the death penalty, and you were represented by Rob Chastain and Elisa Massoth. Pursuant to a global plea agreement, you pled guilty in each case to second degree murder, as alleged in separate Amended Informations filed in each case.

    As part of your plea agreement, you agreed to waive your right to appeal. However, in CR-2014-312, Mr. Smethers honored your request to file a pre-sentence motion to withdraw your guilty plea. Unfortunately, Mr. Chastain and Ms. Massoth, did not honor your request and thus your desire to withdraw your guilty plea in CR-2014-2027 was never presented in a motion to the district court. The district court denied your motion to withdraw your guilty plea in CR-2014-312, you were sentenced to concurrent life terms, with 17 years fixed, and you filed notices of appeal in each case.



~~Exhibit B~~₁
Addendum 4

# STATE OF IDAHO
## OFFICE OF THE STATE APPELLATE PUBLIC DEFENDER
*Defending Zealously, Advancing Fairness, and Advocating with Integrity.*

January 10, 2018

Michael S. Dauber
Inmate #120306
I.S.C.I.
PO Box 14
Boise, ID 83707

**RE: Docket Nos. 44849, 44850**

Dear Mr. Dauber:

    Per your request, this letter is intended to provide you with a written explanation as to why I will not provide you with a copy of any documents I have drafted, specifically any legal briefs, prior to my filing them with the Idaho Supreme Court.

    You wrote me a letter a few weeks ago expressing your desire to avoid raising any claims in this appeal that would forfeit your ability to raise the same claims in a post-conviction petition, if post-conviction were the better way to pursue those claims. Essentially, you want to make sure that I identify the appropriate avenue for you to raise all of your potential claims. Additionally, at the end of your letter, you "respectfully demand[ed] that no paper, especially the brief, be filed before [you] first read and review it, per IRCP 1.2(a) and 1.4." We discussed your concerns over the phone on January 3rd.

    During our phone call, I informed you that I still have not reviewed your case in detail because we have not yet received the transcripts that we requested, and the Idaho Supreme Court ordered the district court to prepare a new Clerk's Record, because the prior Record contained documents that were filed under seal and should not be available to the public. I tried to answer your post-conviction questions in general terms and I assured you that once I review your case, I will again discuss with you any concerns you may have. You expressed to me that you believe that I answered your question and that you understand the difference between a direct appeal and a post-conviction, and the types of claims that can be raised in each. I want to reiterate that I will be happy to revisit these issues with you after I have thoroughly reviewed your case.

DISTRICT COURT BOISE COUNTY, IDAHO
Recorded in Book ____ 2:20 PM Page ____

Filed MAY 16 2017

# In the Supreme Court of the State of Idaho

| | |
|---|---|
| STATE OF IDAHO, ) | |
| ) | |
| Plaintiff-Respondent, ) | ORDER |
| ) | |
| v. ) | Supreme Court Docket No. 44850-2017 |
| ) | Boise County No. CR-2014-2027 |
| MICHAEL S. DAUBER, ) | |
| ) | Ref. No. 17-163 |
| Defendant-Appellant. ) | |

This Court issued an ORDER CONDITIONALLY DISMISSING APPEAL on March 8, 2017. Thereafter, a RESPONSE TO CONDITIONAL DISMISSAL was filed by Appellant on May 10, 2017, in which Appellant's mail log was provided which confirmed that Appellant's appeal was timely placed in the prison mail system; therefore,

IT IS ORDERED that this Court's ORDER CONDITIONALLY DISMISSING APPEAL be, and hereby is, WITHDRAWN, and this appeal is reinstated.

DATED this 16th day of May, 2017.

By Order of the Supreme Court

Stephen W. Kenyon, Clerk

cc: Counsel of Record

ORDER – Docket No. 44850-2017

DISTRICT COURT BOISE COUNTY, IDAHO
Recorded in Book 2:22 on Page ___

Filed MAY 1 6 2017

MARY PRISCO, Clerk
Baumhoff

DEPUTY

# In the Supreme Court of the State of Idaho

| | |
|---|---|
| STATE OF IDAHO, ) | ORDER TO CONSOLIDATE |
| Plaintiff-Respondent, ) | APPEALS FOR ALL PURPOSES |
| ) | |
| v. ) | Supreme Court Docket No. 44849-2017 |
| ) | Boise County No. CR-2014-312 |
| MICHAEL S. DAUBER, ) | |
| ) | Supreme Court Docket No. 44850-2017 |
| Defendant-Appellant. ) | Boise County No. CR-2014-2027 |

WHEREAS, it appearing that the above entitled appeals should be CONSOLIDATED FOR ALL PURPOSES; therefore,

IT IS ORDERED that appeal Nos. 44849 and 44850 shall be CONSOLIDATED FOR ALL PURPOSES under No. 44849, and all documents filed thereafter shall bear both docket numbers. It appears that transcripts were requested by the pro se Appellant in these Notice(s) of Appeal; however, they were not listed by specific dates and titles and there was no proof of service on any Court Reporter. Further, the District Court having appointed the State Appellate Public Defender to represent the Appellant in these proceedings; therefore,

IT FURTHER IS ORDERED that these consolidated appeals shall be SUSPENDED FOR FOURTEEN (14) DAYS for the State Appellate Public Defender to file an AMENDED NOTICE OF APPEAL in the District Court to specify the transcripts requested by dates and titles and service on the designated Court Reporter.

DATED this 16th day of May, 2017.

For the Supreme Court

Karel A. Lehrman, Chief Deputy Clerk for
Stephen W. Kenyon, Clerk

cc: Counsel of Record
District Court Clerk
Court Reporter
District Judge Patrick H. Owen

ORDER TO CONSOLIDATE APPEALS FOR ALL PURPOSES – Docket Nos. 44849 / 44850