UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MICHAEL STEPHEN DAUBER,<br><br>　　Petitioner,<br><br>　　v.<br><br>WARDEN RAMIREZ,<br><br>　　Respondent. | Case No. 1:21-CV-00243-REP<br><br>**INITIAL REVIEW ORDER** |

Petitioner Michael Stephen Dauber filed a Petition for Writ of Habeas Corpus challenging his state court convictions. (Dkt. 2.) All named parties have consented to the jurisdiction of a United States Magistrate Judge to enter final orders in this case. (Dkt. 7.) *See* 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. Having reviewed the Petition, the Court enters the following Order.

## STANDARD OF LAW FOR REVIEW OF PETITION

To bring a cognizable habeas corpus claim in federal court, a petitioner must allege that he is held in custody under a state court judgment that violates the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). Summary dismissal is appropriate where "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing Section 2254 Cases.

**INITIAL REVIEW ORDER - 1**

Before a habeas petitioner may present an issue for federal court review, he must first "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). This is called "exhaustion of state court remedies." In Idaho, that means presenting the claims to the Idaho Supreme Court in a procedurally proper manner. If a petitioner fails to properly exhaust his state court remedies, then his federal claims are deemed "procedurally defaulted," and the federal court is not authorized to adjudicate the merits of claims without the petitioner meeting a difficult standard to show that an exception to that rule applies.

## BACKGROUND

Pursuant to an *Alford* plea, Petitioner was convicted of two counts of second degree murder in an Idaho state court.[1] He received prison sentences totaling 17 years to life. He pursued a direct appeal and various post-conviction matters to challenge his convictions and sentences. At the time he filed this habeas corpus action, he had a post-conviction action pending in the Fourth Judicial District Court in Ada County.

## REVIEW OF PETITION

Petitioner brings several cognizable claims in his Petition for Writ of Habeas Corpus. (Dkt. 2.) Because he still has state court actions pending related to the same

---

[1] An *Alford* plea takes its name from *North Carolina v. Alford*, 400 U.S. 25, 35 (1970), where the United States Supreme Court held that it was constitutionally permissible for the court to accept and sentence an individual upon "a plea by which a defendant does not expressly admit his guilt, but nonetheless waives his right to a trial and authorizes the court for purposes of the case to treat him as if he were guilty."

**INITIAL REVIEW ORDER - 2**

convictions at issue here, it appears appropriate for the Court to stay this action until Petitioner's final state court action is completed. If he obtains relief in state court, he can voluntarily dismiss this action.

Federal district courts have discretion to stay a mixed habeas petition containing exhausted and unexhausted claims to allow the petitioner to present his unexhausted claims to the state court and then return to federal court for review of his perfected petition. *Rhines v. Weber*, 544 U.S. 269, 277 (2005). Staying the case preserves the original filing date of the claims asserted in the original petition for statute of limitations purposes.

In determining whether to exercise discretion to grant a stay, the district court should consider whether the petitioner had good cause for his failure to exhaust, whether his unexhausted claims are potentially meritorious, and whether there is any indication that the petitioner engaged in intentionally dilatory litigation tactics. *Id*. at 277-78. To meet the "good cause" standard, a petitioner typically must bring forward sufficient evidentiary support to show a reasonable excuse justifying his failure to exhaust. *Blake v. Baker*, 745 F.3d 977, 982 (9th Cir. 2014).

An important consideration for a petitioner who plans to amend his federal petition with newly-exhausted claims raised in a successive state post-conviction action is that the federal statute of limitations contains a tolling provision that stops or suspends the one-year limitations period from running only during the time in "which a *properly filed* application for State postconviction or other collateral review … is pending." 28 U.S.C. § 2244(d)(2) (emphasis added). If a petitioner files an untimely successive state post-

**INITIAL REVIEW ORDER - 3**

conviction action or one that is procedurally improper for another reason, then that action cannot toll the federal statute. But, unfortunately, the petitioner usually does not receive a state court order concluding that a post-conviction action is procedurally improper until *after* the federal statute of limitations has expired, causing loss of the claims he or she had hoped to exhaust in the state post-conviction matter. Once a federal statute of limitations has expired, it cannot be reinstated or resurrected by a later-filed state court action. *See Ferguson v. Palmateer*, 321 F.3d 820, 822 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed").

      A second important federal statute of limitations consideration is that habeas corpus "[a]mendments made after the statute of limitations has run relate back to the date of the original pleading [*only*] if the [1] original and [2] amended pleadings "ar[i]se out of the conduct, transaction, or occurrence." Rule 15(c)(2)." *Mayle v. Felix*, 545 U.S. 644, 655 (2005) (parentheticals and emphasis added), *overruled on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562–63 (2007). Because Federal Rule of Civil Procedure 15 (governing amendment in civil cases) is applied in conjunction with the "more demanding" Rule 2(c) of the Rules Governing Section 2254 Cases, the words "same conduct, transaction, or occurrence" do not mean simply "the same 'trial, conviction, or sentence.'" *Id*. at 664. Rather, relation back is proper only when "original and amended petitions state claims that are tied to a common core of operative facts." (*Id.*) For these reasons, it is often a safer route for petitioners to file their amended

**INITIAL REVIEW ORDER - 4**

petition at the time the stay is requested, rather than at the time the successive post-conviction action is completed.

Here, the Court finds that good cause exists from the face of the Petition, and it will exercise its discretion to stay this case pending completion of Petitioner's state post-conviction matter. Petitioner brings cognizable constitutional claims, he has been steadily pursuing relief in the state court system, and there is no indication that Petitioner intentionally delayed bringing the claims he is now pursuing in state court. If Petitioner has additional claims in his pending post-conviction matter that are not asserted in this federal petition, he may file an amended petition now to include those claims.

While this case is stayed, the Court will administratively terminate it for internal court administration purposes only. Administrative termination does not affect the filing date of the petition, nor does it affect the rights of the parties in any way. Within 30 days after Petitioner's currently-pending state court action is completed, Petitioner must file a motion to re-open this case if he desires to proceed.

## ORDER

**IT IS ORDERED:**

1. This action is stayed pending completion of Petitioner's state court post-conviction matter and final appeal, including a petition for review to the Idaho Supreme Court of any opinion of the Idaho Court of Appeals.

2. Petitioner is authorized to file an amended petition within **21 days** after entry of this Order, if he desires.

**INITIAL REVIEW ORDER - 5**

3. Petitioner's Application for in Forma Pauperis Status (Dkt. 1) is conditionally GRANTED pending receipt of a prison trust account statement to verify the representations made in the application. The statement is due within **21 days** after entry of this Order.

4. This case is administratively terminated for internal court administration purposes only. Administrative termination does not affect the filing date of the petition, nor does it affect the rights of the parties in any way. Within **30 days** after Petitioner's last state court action is completed, Petitioner must file a motion to re-open this case. Other than an amended petition and a prison trust account statement, the parties shall not file anything further in this case while they are awaiting completion of the currently-pending state court action.

DATED: August 25, 2021

_____
Honorable Raymond E. Patricco
United States Magistrate Judge