UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MICHAEL STEPHEN DAUBER, | |
| Petitioner, | Case No. 1:21-CV-00243-REP |
| v. | **ORDER RE-OPENING CASE** |
| NICK BAIRD, Warden of the Idaho State Correctional Institution, | |
| Respondent. | |

This habeas corpus case has been stayed pending Petitioner Michael Stephen Dauber's exhaustion of state court remedies. Dkt. 8. Petitioner has informed the Court that his state court actions have been completed. Dkt. 10.

Petitioner has also filed an Amended Petition, naming his current facility's warden as the respondent. Dkt. 11. The Court has updated the case caption. *See* Fed. R. Civ. P. 25(d); Rule 2(a), Rules Governing Section 2254 Cases; *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004) (the custodian "is 'the person' with the ability to produce the prisoner's body before the habeas court.").

Having reviewed the Amended Petition filed by counsel, the Court will permit Petitioner to proceed. Accordingly, **IT IS ORDERED:**

1.  Petitioner's unopposed Motion to Re-Open Case and Set Deadline (Dkt. 10) is GRANTED.

**ORDER RE-OPENING CASE - 1**

2. Petitioner may proceed on his Amended Petition for Writ of Habeas Corpus (Dkt. 11) to the extent set forth below.

3. The Clerk of Court shall serve (via ECF) a copy of the Amended Petition (Dkt. 11), together with a copy of this Order, on L. LaMont Anderson, on behalf of the state officer having custody of Petitioner, at Mr. Anderson's registered ECF address.

4. Within **90 days** after service of the Petition, Respondent shall have the option of filing either of the following: (1) a motion for summary dismissal or partial summary dismissal on procedural grounds (which may be followed by an answer if the motion is unsuccessful); or (2) an answer and brief on the claims that were adjudicated on the merits by the Idaho Supreme Court, that also includes a brief summary (between one paragraph and several pages) of any procedural defenses for any claims (which may be argued in the alternative).

5. Respondent shall file with the responsive pleading or motion, or within a reasonable time period thereafter, a copy of all portions of the state court record previously transcribed that are relevant to a determination of the issues presented. Any presentence investigation reports or evaluations shall be filed under seal. The lodging of the remainder of the state court record, to the extent that it is lodged in paper format, is exempt from the redaction requirements, as provided in District of Idaho Local Civil Rule 5.5(c).

**ORDER RE-OPENING CASE - 2**

6. If the response to the habeas petition is an answer, Petitioner shall prepare a reply, containing a brief rebutting Respondent's answer and brief, which shall be filed and served **within 30 days** after service of the answer. Respondent has the option of filing a sur-reply **within 14 days** after service of the reply. At that point, the case shall be deemed ready for a final decision.

7. If the response to the habeas petition is a motion, Petitioner's response to the motion shall be filed and served **within 30 days** after service of the motion, and Respondent's reply, if any, shall be filed and served **within 14 days** thereafter.

8. No party shall file supplemental responses, replies, affidavits or other documents not expressly authorized by the Local Rules without first obtaining leave of Court.

9. No discovery shall be undertaken in this matter unless a party obtains prior leave of Court, pursuant to Rule 6 of the Rules Governing Section 2254 Cases.

10. The parties may, but need not, file the following in this matter: (1) notices of non-objections to motions to which they do not object; (2) responses to motions for appointment of counsel; (3) responses to motions that are meritless, frivolous, or filed in contravention of this Order; or (4) notices of intent not to file a reply. If additional briefing is required on any issue, the Court will order it.

11. Each party shall ensure that all documents filed with the Court are simultaneously served via the ECF system or by first-class mail upon the opposing party (through counsel if the party has counsel), pursuant to Federal Rule of Civil Procedure 5.

**ORDER RE-OPENING CASE - 3**

12. All Court filings requesting relief or requesting that the Court make a ruling or take an action of any kind must be in the form of a pleading or motion, with an appropriate caption designating the name of the pleading or motion, served on all parties to the litigation, pursuant to Federal Rules of Civil Procedure 7, 10 and 11, and Local Rules 5.2 and 7.1. The Court will not consider requests made in the form of letters.

13. Petitioner shall at all times keep the Court and Respondent advised of any changes in address.

14. If Petitioner's custodian changes at any point during this litigation, counsel for Respondent shall file a Notice of Substitution of Respondent within 30 days of such change, identifying the person who is substituted as Respondent. *See* Fed. R. Civ. P. 25(d); Rule 2(a) of the Rules Governing Section 2254 Cases.



DATED:  February 9, 2026

Honorable Raymond E. Patricco
Chief U.S. Magistrate Judge

**ORDER RE-OPENING CASE - 4**